UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

                                    No.    1:07-cr-67
                                            1:07-cr-86
-v-
                                    HONORABLE PAUL L. MALONEY

ROBERT MOSHER,
        Defendant.

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COPIES OF DOCUMENTS WITHOUT FEE

        Defendant Robert Mosher has submitted multiple letters to the Clerk of the Court requesting copies of the original indictments and judgments in the two criminal cases.[1] In the most recent letter dated January 15, 2010, Defendant requests the complaint, indictment, plea agreement, and judgment. Defendant justified his request on the basis that he was preparing to filed a habeas claim and cited 28 U.S.C. § 2249 and § 2250 as authority supporting his request. In response, the clerk informed Defendant of the number of pages requested, the total cost for the documents, and informed Defendant that the requested copies required prepayment. Defendant has submitted another letter to the clerk, again requesting the same documents and relying on the same authority. This supplemental letter has been docketed as a motion in Defendant's two criminal cases.[2]

        Based on the reasons Defendant has outlined in his letter, he is not entitled to copies of the requested documents without prior payment. The document submitted is in the form of a letter, rather than a pleading or motion. *See* W.D. Mich. LcivR 7.1(a) ("All motions, . . . , shall be

---

        [1]The letters have been entered on the docket sheets in both of Defendant's criminal cases.

        [2]In case 1:07-cr-67, the letter is entered as Dkt. No. 98. In case 1:07-cr-86, the letter is entered as Dkt. No. 75.

accompanied by a supporting brief. . . . Briefs shall not be submitted in the form of a letter to the judge."). The document is addressed to the Clerk of the Court, rather than the court, and makes a request that has already been rejected. The authority Defendant relies upon is misplaced. Under § 2249, once an application for a writ of habeas corpus is filed, the respondent must file with the court certified copies of the indictment, plea, and judgment, "if the petitioner fails to attach them to his petition." 28 U.S.C. § 2249. Nothing in § 2249 supports Defendant's assertion that the clerk of the court must provide him with copies of the requested documents. Similarly, § 2250 does not support Defendant's request. Under § 2250, a prisoner proceeding *in forma pauperis* who has filed a § 2255 petition for writ of habeas corpus, is entitled to "certified copies of such documents or parts of the record on file [with the clerk of any court of the United States] as may be required by order of the judge before whom the application is pending." 28 U.S.C. § 2250. Under the explicit language of the statute, the clerk is not authorized to provide Plaintiff with the requested documents unless so ordered by the presiding judge. Defendant has not placed a proper order before this court and no such order has been issued. Defendant has no pending § 2255 petition, which is required by the statute and is a sufficient reason to deny the request. *See e.g., United States v. Warmus*, 151 F.App'x 783, 787 (11th Cir. 2005) (citing *United States v. Herrara*, 474 F.2d 1049, 1049 (5th Cir. 1073)); *Fatty v. Arizona*, No. 89-15998, 967 F.2d 585, * 1 (9th Cir. June 26, 1992) (unpublished table opinion) (citing *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990)); *United States v. Clark*, No. 6:07-13, 2010 WL 342547, * 1 (E.D.Ky. Jan. 29, 2010) (Reeves, J.) (collecting cases). Defendant already filed a petition for writ of habeas corpus, which was denied. *Mosher v. United States*, Nos. 1:07-cr-67 and 1:07-cr-86 (W.D. Mich. July 7, 2009) (Maloney, C.J.) (order denying 28 U.S.C. § 2255 petition for writ of habeas corpus).

Accordingly, Defendant's motions (Dkt. No. 98 in case No. 1:07-cr-67 and Dkt. No. 75 in case No. 1:07-cr-86) are **DENIED WITHOUT PREJUDICE.  IT IS SO ORDERED.**


Date:  February 11, 2010	/s/ Paul L. Maloney
	Paul L. Maloney
	Chief United States District Judge